IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> C. BREWER AND COMPANY, LTD., ET AL., <br><br> Defendants. | CIVIL NO. 06-00260 SOM-LEK |

**ORDER DENYING PLAINTIFFS' MOTION FOR**
**LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiffs International Longshore and Warehouse Union's ("ILWU"), Mauro R. Cadavona's, Charles K. Fu's, Clement Montalvo's, Judith Montalvo's, Regino Cabacungan's, and Alfred Cabacungan's (collectively "Plaintiffs") Motion for Leave to File Second Amended Complaint ("Motion"), filed on May 21, 2007.  This matter came on for hearing on June 22, 2007. Appearing on behalf of Plaintiffs were, Barbara Chisholm, Esq. (by phone) and Rebecca Covert, Esq.  William Ota, Esq., and Lynne Toyofuku, Esq., appeared on behalf of Defendants C. Brewer and Company, Ltd. ("Brewer"), Wailuku Agribusiness Co., Inc. ("Wailuku"), Olokele Sugar Company, Ltd. ("Olokele"), and Alan J. Kugle ("Kugle"), as Trustee in Dissolution of C. Brewer and

Company, Ltd. (collectively "Defendants"). After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On May 11, 2006, Plaintiffs filed the instant class action suit against Defendants. In their Complaint, Plaintiffs allege that Defendants' termination of group medical plans breached contracts with ILWU in violation of the Labor Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA"). Plaintiffs also allege that Brewer breached its fiduciary duty in violation of ERISA.

On June 28, 2006, Plaintiffs filed a First Amended Complaint, adding Kugle as a defendant. On November 16, 2006, Plaintiffs moved for leave to file a second amended complaint to clarify the relief sought by the class and to add a factual allegation regarding a 1989 Letter of Understanding ("1989 Agreement") between Wailuku and ILWU. According to Plaintiffs, this agreement provides the basis for Wailuku sugar retirees' claims and they inadvertently omitted it from the First Amended Complaint. Defendants did not oppose the amendment and the Court granted leave to file the amended complaint on December 6, 2006. Plaintiffs did not file an amended complaint because on December 7, 2006, the Court vacated all existing deadlines to

facilitate settlement.  The parties have been unable to reach a settlement, even after participating in formal mediation.

On April 11, 2007, the Court ordered Plaintiffs to file their Second Amended Complaint.  On May 17, 2007, the Court approved the stipulation and proposed order filed by the parties on April 19, 2007, which provided that Plaintiffs must file an amended complaint by May 21, 2007 if the parties should agree to one, but in the absence of an agreement, Plaintiffs shall file a renewed motion for leave to file second amended complaint, together with the proposed amended complaint, by no later than May 21, 2007.  Plaintiffs provided Defendants with a copy of the proposed amended complaint on May 18, 2007.

In the instant Motion, Plaintiffs argue that they have good cause for seeking leave to amend and that Defendants will not be prejudiced.  Plaintiffs seek leave to substitute a recently deceased Plaintiff and class representative; to correct a factual omission that the court and Defendants previously indicated that Plaintiffs should be permitted to correct; and to more clearly define the proposed subclasses.

First, Plaintiffs wish to substitute Megumi Hiraoka (a retiree of Wailuku and beneficiary of the 1989 Agreement) for Alfred Cabacungan, the sole Plaintiff representing the putative subclass of approximately 77 Wailuku retirees and beneficiaries of the 1989 Agreement.  Mr. Cabacungan passed away in April 2007.

Citing for comparison Federal Rule of Civil Procedure 25(a) (providing 90 days for motion to substitute upon death of party), Plaintiffs assert that they have acted diligently in identifying a substitute Plaintiff.  Plaintiffs further emphasize that Mr. Hiraoka's addition will not change the nature of Plaintiffs' claims nor prejudice Defendants or delay this matter because, for example, Mr. Cabacungan had yet to be deposed.

        Second, Plaintiffs seek to add allegations regarding the existence of the 1989 Agreement between Wailuku and ILWU, which provides the basis for the claims asserted by individuals who retired from Wailuku prior to Wailuku's transition from sugar to pineapple production in 1989.  Plaintiffs note that Defendants previously agreed to this amendment and that Judge Mollway, in October 13, 2006 inclination, indicated that Plaintiffs should be allowed to amend their complaint to include reference to the 1989 Agreement.

        Plaintiffs lastly seek to add a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement.  The subclass of retirees who are beneficiaries of a 1996 Agreement between Wailuku, ILWU and certain individual retirees is removed from the proposed amended complaint, as it has been discovered that the only beneficiaries of the 1996 Agreement are Clement and Judith Montalvo.  As such, their claims are asserted as individual, and not class, claims.  Plaintiffs also clarify that

they no longer seek to create subclasses based on the type of relief sought.  Rather, the subclasses are based on the labor-management agreements.

Plaintiffs conclude that because there exists good cause for the proposed changes and the changes will not prejudice Defendants nor unduly delay the action, the Court should grant their Motion.

On June 4, 2007, Defendants filed their Opposition to Plaintiffs' Motion, arguing that Plaintiffs cannot satisfy the procedural requirements to amend their Complaint.  First, Defendants argue that Mr. Cabacungan was not a representative for any of the proposed subclasses nor did he have a claim under any of the specified contracts.  There is consequently no subclass in which Mr. Hiraoka may claim membership.  Defendants contend that even if Plaintiffs acted diligently in identifying Mr. Hiraoka, they must still establish good cause for adding the proposed Wailuku subclass and alleging a violation of the 1989 Agreement.

According to Defendants, although Plaintiffs knew about the Complaint's deficiencies with respect to Mr. Cabacungan since last summer, they did not seek to amend their Complaint until Defendants moved for summary judgment regarding Mr. Cabacungan's claims.  Moreover, at the time Plaintiffs initially moved to amend their Complaint, they did not seek to add a subclass represented by Mr. Cabacungan.  Defendants assert that Plaintiffs

cannot establish good cause for their delay.

Even assuming that Plaintiffs established good cause, Defendants maintain that the Motion should nevertheless fail under Federal Rule of Civil Procedure 15 because of Plaintiffs' failure to demonstrate that Mr. Hiraoka would be an adequate representative of the proposed subclass.  First, if Mr. Hiraoka seeks monetary relief, he is precluded from doing so because 1) Plaintiffs are seeking certification primarily under rule 23(b)(2), which does not permit monetary recovery except for that incidental to injunctive relief and 2) ERISA does not provide for monetary damages.  Any amendment to the Complaint would therefore be futile.  Second, if Mr. Hiraoka seeks injunctive relief, his interests would conflict with the interests of other retirees who do not seek reinstatement of the plan.

Defendants note that Plaintiffs also seek to add prayers for monetary damages, which, according to Defendants, are untimely.  Therefore, even if Judge Mollway's previous comments could be construed to authorize the proposed amendment, her comments were made over seven months ago.  Defendants insist that Plaintiffs should have brought this Motion long ago.  Finally Defendants argue that the proposed amendments seeking monetary damages on behalf of ILWU are futile, as ILWU does not allege any basis for contractual damages.

On June 11, 2007, Plaintiffs filed a Reply.  They

initially assert that although Defendants complain that they delayed in filing the Motion given the proposed amendments in November 2006, Defendants fail to mention that this case was stayed for much of that six month period to facilitate settlement. Plaintiffs maintain that they have demonstrated good cause to amend the First Amended Complaint to 1) substitute Mr. Cabacungan with Mr, Hiraoka; 2) allege the 1989 Agreement; and 3) conform the subclasses to the proposed amendments.

With respect to the substitution of Mr. Cabacungan, Plaintiffs argue that Defendants' objections are baseless. According to Plaintiffs, Mr. Cabacungan was a named Plaintiff seeking to represent those similarly situated to him. In addition, the original Complaint and First Amended Complaint proposed subclasses based on the agreements covering the retiree class members. Plaintiffs contend that because Mr. Cabacungan was the sole Plaintiff named as a beneficiary of the 1989 Agreement, the Court should permit them to substitute a similarly situated Plaintiff. Plaintiffs dismiss Defendants' argument that Mr. Hiraoka would be an inadequate class representative by countering that 1) adequacy of class representative is a consideration for certification, not for leave to amend.; 2) Mr. Hiraoka is a member of the proposed subclass; 3) Defendants fail to present evidence that he would be inadequate; and 4) Defendants erroneously argue that Mr. Hiraoka cannot seek

injunctive relief or damages.

Plaintiffs also claim that there is good cause to amend the Complaint to allege the 1989 Agreement, as they became aware of the omission in early September, around the time the parties were to file their summary judgment motions. Plaintiffs explain that Defendants thus unfairly suggest that Plaintiffs had ample time to file a motion to amend prior to the filing of Defendants' motion for summary judgment on September 7, 2006.

Lastly, Plaintiffs assert that the Court should permit them to conform the proposed subclasses to the amendments sought because the subclasses are substantially similar to those in the First Amended Complaint, except for the subclass of retirees covered by the 1989 Agreement. Plaintiffs maintain that the revisions to the subclass definitions are timely and appropriate. Moreover, they argue that Defendants' challenges to the proposed subclasses are best resolved at the class certification stage and are not grounds for opposing a motion to amend.

## **DISCUSSION**

Insofar as the deadline for amending the pleadings has passed, Plaintiffs must move to amend the scheduling order in order to amend their Complaint. A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b). The good cause inquiry focuses on the diligence of the party seeking to modify

the scheduling order; if the party seeking the modification was not diligent, the motion should be denied. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.

Even if the Court grants leave to modify the scheduling order, Plaintiffs must also establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a). See Johnson, 975 F.2d at 608 (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)). Under Rule 15(a) of the Federal Rules of Civil Procedure, once an answer or responsive pleading has been filed, the plaintiff must obtain leave of court or the written consent of the defendant to amend the complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The determination whether a party should be allowed to amend a pleading is left to the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401

U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party; futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings.  See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted).  Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor.  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  The party opposing the motion for leave to amend bears the burden of establishing prejudice.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)).  If there is neither prejudice to the opposing

party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend.  See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

In this case, Plaintiffs have failed to satisfy the good cause requirement mandated by Rule 16(b).  Despite the fact that some of the delay can be attributed to the parties' attempts to settle the case, Plaintiffs have not been diligent notwithstanding the mediation in seeking to amend the scheduling order and/or amending the Complaint with respect to 1) the existence of the 1989 Agreement; 2) the addition of a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement; and 3) the addition of prayers for monetary damages.  Even after the parties unsuccessfully mediated, and after the deadline to amend the pleadings, the Court ordered Plaintiffs to file their Second Amended Complaint, but they failed to do so.  If most of the amendments sought were agreed to previously, as claimed by

Plaintiffs, there is no reason they could not have filed the amended complaint sometime before April 2007.  The Court acknowledges Plaintiffs' contention that they were prepared to file their second amended complaint but held off in order to address the addition of Mr. Hiraoka.  Plaintiffs had ample time prior to Mr. Cabacungan's passing, however, to amend the Complaint to include the amendments permitted by the Court in December 2006.

Indeed, Plaintiffs admit to knowing about the omission of the 1989 Agreement in early September 2006 and raising the issue of monetary damage at the October 2006 summary judgment hearing.  With this information, so too could Plaintiffs have determined that the addition of a proposed subclass for the 1989 Agreement was necessary.  Thus, the very facts upon which Plaintiffs rely to show a lack of prejudice to Defendants demonstrate that Plaintiffs were not diligent in seeking to amend the scheduling order or amending the complaint.  The Court agrees with Defendants' position that although the proposed amendments (except for the substitution of Mr. Cabacungan) may be identical in substance to those agreed upon and authorized by the Court in November 2006, the circumstances of the case at that time were different.  The case was fast-tracked and the amendments would have aided in streamlining the case.  For the foregoing reasons, the Court finds that Plaintiffs have not shown good cause for

amending their Complaint to add 1) the existence of the 1989 Agreement; 2) a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement; and 3) of prayers for monetary damages.

The Court does not take issue with Plaintiffs' timeliness as related to Mr. Cabacungan's substitution. It appears that Plaintiffs acted diligently after Mr. Cabacungan's passing to identify a substitute. The concern, however, is that because Plaintiffs have yet to obtain class certification, any request to amend the Complaint to add Mr. Hiraoka is premature. Moreover, because the Court is not permitting amendment of the Complaint to add allegations regarding the 1989 Agreement, it would be futile to identify a representative for Plaintiffs' proposed subclass of retirees and beneficiaries of the Agreement.

Plaintiffs cite In re Thornburgh, 869 F.2d 1503, 1509 (D.C. Cir. 1989), and Swan v. Stoneman, 635 F.2d 97, 102 n.6 (2d Cir. 1980) for the proposition that a court may allow pre-certification substitution. These cases are inapposite. In Swan, for example, there existed a certified class at the time another party moved to intervene. Thornburgh involved the plaintiffs' request to add additional named plaintiffs prior to the district judge's determination in an outstanding motion for certification. Moreover, both cases dealt with the issue of mooted claims. Neither case holds, nor suggests, that a court

should permit substitution of a deceased plaintiff where no certified class or subclass exists and no motion for certification is before the court.

At the hearing, Plaintiffs' counsel argued that subclasses are a way for courts to manage class actions. Such a principle has no relevance here because a class has yet to be certified. Rule 23(c)(4) applies only after certification and it does not provide a means for the plaintiffs or the court to circumvent the certification process. The Ninth Circuit has stated that "[t]he district court is not 'to bear the burden of constructing subclasses' or otherwise correcting Rule 23(a) problems; rather, the burden is on Plaintiffs to submit proposals to the court." Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting United States Parole Commission v. Geraghty, 445 U.S. 388, 408 (1980)). Each subclass must meet the Rule 23(a) requirements in order to be certified. See Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982); see also Love v. Johanns, 439 F.3d 723, 730 (D.C. Cir. 2006) (holding that the district court did not abuse its discretion in refusing to certify a subclass because of its failure to meet the commonality requirement); Penn. Dental Ass'n v. Med. Serv. Ass'n of Penn., 745 F.2d 248, 263 (3d Cir. 1984) (same for failure to satisfy the adequacy of representation requirement).

As already discussed, Plaintiffs have not certified a class or subclass.  They filed a motion for certification on September 11, 2006, which was withdrawn on December 7, 2006, in light of the parties' agreement to mediate.  On December 7, 2006, the Court ordered Plaintiffs to file a motion for certification by April 30, 2007, but Plaintiffs did not do so.  Without a proper class, Plaintiffs cannot propose, nor can the Court create, subclasses that require representatives.  As a consequence of the denial of Plaintiffs' requests to add allegations about the 1989 Agreement, there can be no subclass for Mr. Hiraoka to represent.  Accordingly, the Court finds that even though Plaintiffs were diligent in seeking to replace Mr. Cabacungan, any amendment to add Mr. Hiraoka would be futile.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs' Motion for Leave to File Second Amended Complaint, filed on May 21, 2007.

DATE AT HONOLULU, HAWAI`I, June 29, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, ET AL. V. C. BREWER AND CO., LTD., ET AL; CIVIL NO. 06-00260 SOM-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**