IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, et al., | ) ) ) ) | Civ. No. 06-00260 SOM/LEK |
| Plaintiffs, | ) ) ) ) | ORDER REGARDING TIMELINESS OF DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL |
| vs. | ) ) | |
| C. BREWER & COMPANY, LTD.; WAILUKU AGRIBUSINESS CO., INC.; OLOKELE SUGAR COMPANY, LTD.; and JOHN DOES 1 THROUGH 20, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER REGARDING TIMELINESS OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL

On Tuesday, July 10, 2007, Plaintiffs International Longshore & Warehouse Union, Local 142, Mauro R. Cadavona, Charles K. Fu, Clement Montalvo, Judith Montalvo, Regino Cabacungan, and Alfred Cabacungan (collectively, "Plaintiffs") appealed Magistrate Judge Leslie E. Kobayashi's June 29, 2007, order denying their motion for leave to file an amended Second Amended Complaint. On Tuesday, July 24, 2007, Plaintiffs notified the court that Defendants C. Brewer & Co., Ltd., Olokele Sugar Company, and Wailuku Agribusiness, Inc. (collectively, "Defendants"), had not filed a timely response to the appeal. Later that same day, Defendants filed their response, arguing

that it was timely filed under the Local Rules.  The court agrees with Defendants that their response was timely.[1]

Local Rule 74.1 provides that a response to an appeal from a magistrate judge's ruling on a nondispositive matter is due "within eleven (11) calendar days after service" of the appeal.  The eleven-day period ran until Monday, July 23, 2007.  However, because Defendants were electronically served with a copy of the appeal, "3 days are added after the prescribed period would otherwise expire."  Fed. R. Civ. P. 6(e); see also Fed. R. Civ. P. 5(b)(2)(D).  Thus, the deadline for Defendants' response under Local Rule 74.1 was Thursday, July 26, 2007.  Defendants' July 24, 2007, response to Plaintiffs' appeal was therefore timely.

This court recognizes that Local Rule 74.1 has been the source of some confusion and therefore uses the present situation as an opportunity to discuss that rule.  Putting aside the issue of when a **response** to an appeal from a magistrate judge's order is due, Local Rule 74.1 provides that the appeal itself must be filed "within eleven (11) calendar days from the entry of the order."  This rule conflicts with (and so must yield to) Rule 72(a) of the Federal Rules of Civil Procedure, which permits a party to appeal "[w]ithin 10 days after being served

---

[1] The court addresses the merits of the appeal in a separate order.

with a copy of the magistrate judge's order."  Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Because the ten-day period set forth in Rule 72(a) must exclude weekend days and holidays, whereas the eleven-day period in the Local Rules does not, the eleven-day period ends up being shorter than the ten-day period.  Local Rule 1.3 requires construction of the Local Rules "so as to be consistent" with the Federal Rules of Civil Procedure.  This court therefore applies the ten-day period set forth in Rule 72(a) (instead of the eleven-day period set forth in the Local Rules) to appeals from magistrate judge orders.  After counting the ten-day period excluding nonworking days, this court adds any time applicable because of service by mail or electronic means.  If there is a three-day period applicable to service by mail or electronic means, that period also excludes nonworking days.  <u>See</u> Fed. R. Civ. P. 6(a) and 6(e).

If the present proceeding concerned objections to a magistrate judge's findings and recommendation concerning a dispositive matter, then, under Rule 72(b) of the Federal Rules of Civil Procedure, both the objections and the response to the objections would be due in ten working days (plus any additional days arising from the method of service).  Local Rule 74.2,

3

otherwise applicable to such objections, must yield to Rule 72(b) of the Federal Rules of Civil Procedure.

It is not clear why the Federal Rules of Civil Procedure address the timing of both objections to a magistrate judge's findings and recommendation and an appeal from a magistrate judge's nondispositive order, while addressing the timing of a **response** only to objections to a magistrate judge's findings and recommendation, not to a **response** to an appeal from a nondispositive ruling.  This limitation means that the eleven-day deadline in Local Rule 74.1 for responses to appeals from nondispositive rulings stands.  Under that rule, Defendants' July 24, 2007, response was timely.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**International Longshore & Warehouse Union, Local 142, et al. v. C. Brewer & Co., Ltd. et al.**, Civ. No. 06-00260 SOM/LEK; ORDER REGARDING TIMELINESS OF DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL.