IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> C. BREWER & COMPANY, LTD.; WAILUKU AGRIBUSINESS CO., INC.; OLOKELE SUGAR COMPANY, LTD.; and JOHN DOES 1 THROUGH 20, <br><br> Defendants. | Civ. No. 06-00260 SOM/LEK <br><br> ORDER REVERSING AND REMANDING THE MAGISTRATE JUDGE'S JUNE 29, 2007, ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |

ORDER REVERSING AND REMANDING THE MAGISTRATE JUDGE'S
JUNE 29, 2007, ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

I.      INTRODUCTION.

On July 10, 2007, Plaintiffs International Longshore & Warehouse Union, Local 142, Mauro R. Cadavona, Charles K. Fu, Clement Montalvo, Judith Montalvo, Regino Cabacungan, and Alfred Cabacungan[1] (collectively, "Plaintiffs") appealed Magistrate Judge Leslie E. Kobayashi's June 29, 2007, order ("the Order") denying their motion for leave to file an amended Second Amended Complaint ("SAC").[2]  In the Order, the magistrate judge found

---

[1] On April 11, 2007, Alfred Cabacungan passed away.

[2] As discussed below, Plaintiffs filed two motions for leave to file a SAC––one on November 17, 2006, and a second on May 21, 2007.  The second motion sought to file an amended SAC that differed from the SAC proposed in November.

The court refers to the November motion as the "Original Motion" and to the May motion as the "Renewed Motion." Similarly, the court refers to the SAC proposed in November as

that Plaintiffs had not been diligent "in seeking to amend the scheduling order and/or amending the Complaint." The magistrate judge therefore concluded, among other things, that Plaintiffs failed to satisfy the good cause requirement for the filing of an amended pleading, as mandated by Rule 16(b) of the Federal Rules of Civil Procedure.

On appeal, Plaintiffs challenge the magistrate judge's finding that they were not diligent. They contend that "any significant delay in the filing of an amended complaint can be attributed to the Court-approved delay for settlement purposes." Appeal at 4. Plaintiffs also posit that "granting Plaintiffs leave to amend will not prejudice the Defendants in this case," but that "failing to permit the amendment will severely prejudice Plaintiffs." In response, Defendants C. Brewer & Co., Ltd., Olokele Sugar Company, and Wailuku Agribusiness, Inc. (collectively, "Defendants"), assert that the magistrate judge's finding should be upheld because Plaintiffs failed to comply with court orders requiring them to file the Original SAC and therefore failed to act diligently. The court reverses the magistrate judge's conclusion that Plaintiffs failed to satisfy the requirements of Rule 16(b) and remands this matter to the magistrate judge for consideration of other issues.

---

the "Original SAC" and to the SAC proposed in May as the "Renewed SAC."

II.      <u>LEGAL STANDARD.</u>

Under 28 U.S.C. § 636(b)(1) and Local Rule 74.1, a district court may set aside a magistrate judge's order regarding any nondispositive pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is clearly erroneous or contrary to law.  <u>See</u> <u>also</u> <u>Bhan v. NME Hosps., Inc.</u>, 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948) (stating that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"); <u>Thorp v. Kepoo</u>, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (noting the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

III.     PROCEDURAL BACKGROUND.

The background facts are not in dispute in this appeal. In this section, the court sets forth procedural facts pertinent to the appeal.

On May 11, 2006, Plaintiffs filed their original Complaint against Defendants.  On June 28, 2006, before Defendants filed a responsive pleading to that Complaint, Plaintiffs filed a First Amended Complaint.  As Plaintiffs sought

a speedy resolution of the case, the court set the matter on an expedited trial schedule, with trial to occur on December 5, 2006.  The Rule 16 Scheduling Order issued on June 30, 2006, set July 24, 2006, as the deadline for filing motions to amend pleadings.

As confirmed in an Amended Rule 16 Scheduling Order filed on September 22, 2006, the trial date was continued to January 9, 2007.  The Amended Rule 16 Scheduling Order provided that any deadline for motions to amend pleadings was "N/A" (presumably because the previous deadline had already passed).  Several subsequent scheduling orders further continued the trial date, again marking the space for motions to amend pleadings "N/A."

On October 16, 2006, this court heard arguments on Plaintiffs' motion for summary judgment and on Defendants' motion for partial summary judgment.  At that hearing, the court questioned its jurisdiction over the case and asked the parties to submit supplemental briefing on that issue.  The court also continued that hearing to November 28, 2006.

On November 17, 2006, Plaintiffs filed the Original Motion for leave to file the Original SAC, which Defendants did not oppose.  Ex. K (attached to Response) at 1.  On December 6, 2006, the magistrate judge granted Plaintiffs' motion and ordered Plaintiffs to file the Original SAC no later than December 22,

4

2006. Ex. L (attached to Response) at 1. The magistrate judge also instructed Plaintiffs to "prepare the order granting the [Original] Motion for the Court's review and signature," but did not specify a deadline for submission of the proposed order. Id.

The next day, on December 7, 2006, the magistrate judge noted in a minute order that the parties had agreed "to participate in mediation on 2/27/07" and "to stay all discovery and motions practice pending the completion of mediation." Ex. M (attached to Response) at 1. All pending motions were therefore withdrawn, and the magistrate judge vacated the existing "[t]rial date and all deadlines" and assigned new dates. Id. An Amended Rule 16 scheduling order entered that same day set the trial for October 30, 2007, and noted "N/A" for motions to amend pleadings. Ex. O (attached to Response) at 1.

On February 27, 2007, the parties participated in a one-day mediation session with Keith Hunter.[3] Toyofuku (7/24/2007) Decln ¶ 22. The mediation concluded with neither a resolution of the parties' disputes nor a commitment by the parties to participate in further mediation. Id.

---

[3] The exact date of the mediation is unclear. Plaintiffs say the mediation occurred on February 28, 2007, but Defendants state that it occurred on February 27, 2007. Compare Appeal at 7 (stating the mediation occurred on February 28, 2007), with Declaration of Lynne T. T. Toyofuku (7/24/2007) ("Toyofuku (7/24/2007) Decl'n") ¶ 22 (stating the mediation occurred on February 27, 2007). The exact date of the mediation is not material to the present appeal.

5

On April 11, 2007, the magistrate judge vacated the trial date and all deadlines.  Ex. P (attached to Response) at 1.  Additionally, because Plaintiffs had not submitted a proposed order granting their Original Motion, the magistrate judge ordered them to do so by April 19, 2007.  <u>Id.</u>

On April 19, 2007, instead of submitting the proposed order, Plaintiffs submitted a stipulation ("Stipulation") signed by both parties' counsel.  The Stipulation provided in part:

> WHEREAS, Plaintiffs no longer desire to file the originally contemplated proposed second amended complaint; and
>
> WHEREAS, due to the passage of time and a desire to narrow the issues and to simplify and clarify the class definitions in the proposed amended complaint, Plaintiffs intend to seek leave of Court to file an amended complaint that differs from the originally contemplated proposed amended complaint; and
>
> WHEREAS, in the interests of judicial economy and in order to advance the litigation of this matter, counsel for the Parties have agreed that they will confer and attempt to reach agreement regarding the filing by Plaintiffs of an amended complaint; and
>
> WHEREAS, in the event the Parties are able to reach agreement on the filing of an amended complaint, it would be an unnecessary use of the Court's time and resources to require Plaintiffs to file the proposed Second Amended Complaint originally filed with Plaintiffs' Motion, and subsequently to file a motion for leave to file a different amended complaint;
>
> WHEREAS, in order efficiently to litigate the Parties' anticipated motion(s) regarding class certification, any issues regarding

>     amendment of the complaint should be resolved expeditiously;
>
>     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Parties through their undersigned counsel, subject to this Court's approval, as follows:
>
>     1.   If the Parties are able to reach agreement on the filing of an amended complaint, Plaintiffs may file an amended complaint that is different from that which was attached to their Motion, and that complaint shall be filed by no later than May 21, 2007; and
>
>     2.   If the Parties are unable to reach agreement on the filing of an amended complaint, Plaintiffs shall file a Renewed Motion to file Second Amended Complaint, together with the proposed amended complaint, by no later than May 21, 2007.

Ex. Q (attached to Response) at 2-3.  The magistrate judge approved and signed this Stipulation on May 17, 2007.  <u>Id.</u>

In the interim between the submission of the Stipulation to the magistrate judge and her approval of it, the magistrate judge conferred with counsel and continued the trial date again.  An Amended Rule 16 Scheduling Order filed on May 2, 2007, set the trial for March 4, 2008, and noted "N/A" for motions to amend pleadings.

On May 21, 2007, because the parties had not reached an agreement on the filing of the Renewed SAC, Plaintiffs filed their Renewed Motion.  Ex. B (attached to Appeal) at 2.  The Renewed Motion was consistent with the Stipulation approved by the magistrate judge on May 17, 2007.  In that motion, Plaintiffs

7

explained that the Renewed SAC "differs substantively from the First Amended Complaint in three ways":  (1) "substitution of Plaintiff Megumi Hiraoko for Deceased Plaintiff Alfred Cabacungan"; (2) "identification of the 1989 Wailuku Agribusiness Agreement"; and (3) "clarification of proposed class and sub-classes."  Ex. C (attached to Appeal) at 6-10.  Defendants opposed Plaintiffs' motion.

On June 29, 2007, the magistrate judge entered the Order denying Plaintiffs' Renewed Motion, finding that Plaintiffs had not been diligent under Rule 16(b) in seeking to amend the scheduling order or their Complaint because Plaintiffs could have "filed the amended complaint sometime before April 2007."  Order at 12, 15.  The magistrate judge therefore concluded that Plaintiffs "have not shown good cause for amending their Complaint to add 1) the existence of the 1989 Agreement; 2) a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement; and 3) of prayers for monetary damages."  Id. at 12-13.  Regarding the substitution of Plaintiff Alfred Cabacungan, the magistrate judge found that "Plaintiffs acted diligently after Mr. Cabacungan's passing to identify a substitute."  Id. at 13.  However, because Plaintiffs intended Alfred Cabacungan to be a subclass representative of other retirees and beneficiaries of the 1989 Wailuku Agribusiness Agreement, the magistrate judge stated, "because the Court is not

permitting amendment of the Complaint to add allegations regarding the 1989 Agreement, it would be futile to identify a representative for Plaintiffs' proposed subclass of retirees and beneficiaries of the Agreement."  Id.  The magistrate judge therefore denied Plaintiffs' Renewed Motion for leave to file the Renewed SAC under Rule 16(b) and did not reach the question of whether amendment was proper under Rule 15(a) of the Federal Rules of Civil Procedure.

IV.     ANALYSIS.

Plaintiffs challenge the magistrate judge's finding that they were not diligent in seeking to file the Renewed SAC and therefore argue that the magistrate judge erred in concluding that Plaintiffs failed to show good cause under Rule 16(b). Plaintiffs recount the procedural history of the case and contend that "any significant delay in the filing of an amended complaint can be attributed to the Court-approved delay for settlement purposes."[4]  Appeal at 4.  In response, Defendants argue that "Plaintiffs should clearly have filed their [Original SAC] long before Mr. Cabacungan's death" and that "neither Defendants nor the Court contemplated Plaintiffs sitting on the [Original SAC]

---

[4] Plaintiffs also argue that the magistrate judge erred in denying their request to substitute Alfred Cabacungan as a Plaintiff, but the court does not reach that issue in this order. On remand, the magistrate judge may, if she thinks appropriate, revisit her findings and conclusions regarding Alfred Cabacungan's substitution.

for an additional four months." Response at 19-20. Because Plaintiffs complied with all deadlines regarding the filing of their Renewed Motion, the magistrate judge erred in applying Rule 16(b)'s good cause requirement to Plaintiffs' Renewed Motion. This court therefore reverses the magistrate judge's Order and remands the matter to her.

The magistrate judge properly noted that, when "the deadline for amending the pleadings has passed, [a plaintiff] must move to amend the scheduling order in order to amend [its] Complaint." Order at 8. Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." If a court grants leave to modify the scheduling order under Rule 16(b), a party seeking amendment of a complaint must also establish that amendment is appropriate under Rule 15(a) of the Federal Rules of Civil Procedure. Order at 9 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Fin. Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).

In Johnson, 975 F.2d at 609, the Ninth Circuit explained the standard for determining whether "good cause" exists to modify a scheduling order under Rule 16(b). The court stated:

> "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15." Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. at 609 (internal ellipses points and citations omitted); see also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." (internal citations omitted)).

Under Rule 15(a), "leave shall be freely given when justice so requires." According to the Ninth Circuit,

> [T]he Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:
>
>> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive

11

>                    on the part of the movant, repeated
>                    failure to cure deficiencies by
>                    amendments previously allowed,
>                    undue prejudice to the opposing
>                    party by virtue of allowance of the
>                    amendment, futility of amendment,
>                    etc.--the leave sought should, as
>                    the rules require, be "freely
>                    given."

Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).  Additionally, a court's inquiry under Rule 15(a) "should be guided by the underlying purpose of Rule 15(a) which was to facilitate decisions on the merits, rather than on technicalities or pleadings."  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004).

The magistrate judge denied the Renewed Motion after finding that Plaintiffs had not been diligent in seeking to amend the scheduling order under Rule 16(b).  The magistrate judge reasoned that, "[e]ven after the parties unsuccessfully mediated, and after the deadline to amend the pleadings, the Court ordered Plaintiffs to file their [Original SAC], but they failed to do so."  Order at 11.  The magistrate judge stated, "If most of the amendments sought were agreed to previously, as claimed by Plaintiffs, there is no reason they could not have filed the amended complaint sometime before April 2007."  Id. at 11-12.  Because the magistrate judge found that Plaintiffs did not satisfy Rule 16(b), she did not reach whether amendment was proper under Rule 15(a).

The magistrate judge based her finding that Plaintiffs were not diligent in part on her belief that, "On April 11, 2007, the Court ordered Plaintiffs to file their [Original SAC]," and that Plaintiffs had thereafter failed to comply with that order. <u>See</u> Order at 3, 11.  However, on April 11, 2007, neither this judge nor the magistrate judge ordered Plaintiffs to file any Complaint at all.  Rather, on that date, the magistrate judge entered a minute order directing Plaintiffs "to submit an Order Granting Plaintiffs' [Original] Motion . . . by April 19, 2007." Ex. P (attached to Response) at 1 (emphasis omitted).

More importantly, Plaintiffs have satisfied the court's most recent scheduling order regarding the deadline for seeking amendment of their Complaint, contrary to the magistrate judge's conclusion otherwise.  As noted above, the deadlines in this case changed numerous times, and this court felt rather like Sherlock Holmes studying clue after clue while trying to determine the ultimate deadline for a motion to amend pleadings.  The final deadline for filing a motion to amend pleadings turns out to have been set when the magistrate judge approved and signed the May 17, 2007, Stipulation, which gave Plaintiffs leave to file their Renewed Motion by May 21, 2007.  By signing the Stipulation, the magistrate judge expressly extended the deadline for filing a motion to amend the Complaint.  Plaintiffs fully

complied with the new deadline by timely filing the Renewed Motion on May 21, 2007.

As Plaintiffs complied with the deadline for seeking leave to amend the Complaint, the magistrate judge erred in characterizing Plaintiffs' Renewed Motion as being filed after "the deadline for amending the pleadings has passed." Order at 8. In so doing, the magistrate judge also erred in analyzing the Renewed Motion under Rule 16(b). Indeed, because Plaintiffs satisfied the deadline for seeking leave to amend the Complaint, the magistrate judge was required to analyze the Renewed Motion not under Rule 16(b)'s "good cause" standard, but under Rule 15(a)'s liberal standard for granting leave to amend. See Eminence Capital, LLC, 316 F.3d at 1051 (noting that Rule 15(a) "is to be applied with extreme liberality"). Although this court fully understands that the deadlines here changed so many times that unraveling them takes considerable effort, the magistrate judge's ruling was clearly erroneous and contrary to law. The court therefore reverses the magistrate judge's conclusion that "Plaintiffs have failed to satisfy the good cause requirement mandated by Rule 16(b)." Because the magistrate judge did not determine whether amendment was proper under Rule 15(a), the court remands the case to the magistrate judge for such determination. By remanding the case, this court does not intend

to suggest that the Renewed Motion should or should not be granted.

V.      CONCLUSION.

The court reverses the magistrate judge's conclusion that Plaintiffs failed to satisfy Rule 16(b) and remands the case to the magistrate judge for further consideration.[5]

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 30, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**International Longshore & Warehouse Union, Local 142, et al. v. C. Brewer & Co., Ltd. et al.**, **Civ. No. 06-00260 SOM/LEK; ORDER REVERSING AND REMANDING THE MAGISTRATE JUDGE'S JUNE 29, 2007, ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT.**

---

[5] On July 27, 2007, Plaintiffs sought leave to submit further briefing on the present appeal. As Plaintiffs are prevailing on their appeal without such further briefing, the court denies the request.