IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, et al., | ) ) ) ) | Civ. No. 06-00260 SOM/LEK |
| Plaintiffs, | ) ) ) | AMENDED ORDER REGARDING TIMELINESS OF DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL |
| vs. | ) ) ) | |
| C. BREWER & COMPANY, LTD.; WAILUKU AGRIBUSINESS CO., INC.; OLOKELE SUGAR COMPANY, LTD.; and JOHN DOES 1 THROUGH 20, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

AMENDED ORDER REGARDING TIMELINESS OF DEFENDANTS'
RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL

On Tuesday, July 10, 2007, Plaintiffs International Longshore & Warehouse Union, Local 142, Mauro R. Cadavona, Charles K. Fu, Clement Montalvo, Judith Montalvo, Regino Cabacungan, and Alfred Cabacungan (collectively, "Plaintiffs") appealed Magistrate Judge Leslie E. Kobayashi's June 29, 2007, order denying their motion for leave to file an amended Second Amended Complaint. On Tuesday, July 24, 2007, Plaintiffs notified the court that Defendants C. Brewer & Co., Ltd., Olokele Sugar Company, and Wailuku Agribusiness, Inc. (collectively, "Defendants"), had not filed a timely response to the appeal. Later that same day, Defendants filed their response, arguing

that it was timely filed under the Local Rules.  The court agrees with Defendants that their response was timely.[1]

Local Rule 74.1 provides that a response to an appeal from a magistrate judge's ruling on a nondispositive matter is due "within eleven (11) calendar days after service" of the appeal.  The eleven-day period ran until Monday, July 23, 2007.  However, because Defendants were electronically served with a copy of the appeal, "3 days are added after the prescribed period would otherwise expire."  Fed. R. Civ. P. 6(e); see also Fed. R. Civ. P. 5(b)(2)(D).  Thus, the deadline for Defendants' response under Local Rule 74.1 was Thursday, July 26, 2007.  Defendants' July 24, 2007, response to Plaintiffs' appeal was therefore timely.

This court recognizes that Local Rule 74.1 has been the source of some confusion and therefore uses the present situation as an opportunity to discuss that rule.  Putting aside the issue of when a **response** to an appeal from a magistrate judge's order is due, Local Rule 74.1 provides that the appeal itself must be filed "within eleven (11) calendar days from the entry of the order."  This rule conflicts with (and so must yield to) Rule 72(a) of the Federal Rules of Civil Procedure, which permits a party to appeal "[w]ithin 10 days after being served

---

[1] The court addresses the merits of the appeal in a separate order.

2

with a copy of the magistrate judge's order." Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Because the ten-day period set forth in Rule 72(a) must exclude weekend days and holidays, whereas the eleven-day period in the Local Rules does not, the eleven-day period ends up being shorter than the ten-day period. Local Rule 1.3 requires construction of the Local Rules "so as to be consistent" with the Federal Rules of Civil Procedure. This court therefore applies the ten-day period set forth in Rule 72(a) (instead of the eleven-day period set forth in the Local Rules) to appeals from magistrate judge orders.

After counting the ten-day period excluding nonworking days, this court adds any time applicable because of service by mail or electronic means. If there is a three-day period applicable to service by mail or electronic means, that period is added after the prescribed time otherwise expires. See Fed. R. Civ. P. 6(a) and 6(e); see also Fed. R. Civ. P. 6 advisory committee's note on 2005 Amendments ("Three days are added after the prescribed period otherwise expires."). How to count the additional three days for service by mail or electronic means is unfortunately not clear from the text of Rule 6 and its subsections. That is, it is unclear whether to exclude

nonworking days because three days is shorter than eleven days, or whether the three days should include nonworking days, possibly because mail is in transit (even if not delivered) on nonworking days.  The Advisory Committee Note on the 2005 amendments to Rule 6 attempt to clarify what the rule itself leaves unclear.  According to the note, nonworking days, excluded in counting the original deadline, are included in counting the three service days:

> Rule 6(e) is amended to remove any doubt as to the method for extending the time to respond after service by mail, leaving with the clerk of court, electronic means, or other means consented to by the party served. Three days are added after the prescribed period otherwise expires under Rule 6(a). Intermediate Saturdays, Sundays, and legal holidays are included in counting these added three days.  If the third day is a Saturday, Sunday, or legal holiday, the last day to act is the next day that is not a Saturday, Sunday, or legal holiday.  The effect of invoking the day when the prescribed period would otherwise expire under Rule 6(a) can be illustrated by assuming that the thirtieth day of a thirty-day period is a Saturday. Under Rule 6(a) the period expires on the next day that is not a Sunday or legal holiday.  If the following Monday is a legal holiday, under Rule 6(a) the period expires on Tuesday.  Three days are then added--Wednesday, Thursday, and Friday as the third and final day to act.  If the period prescribed expires on a Friday, the three added days are Saturday, Sunday, and Monday, which is the third and final day to act unless it is a legal holiday.  If Monday is a legal holiday, the next day that is not a legal holiday is the third and final day to act.

4

>     Application of Rule 6(e) to a period
> that is less than eleven days can be
> illustrated by a paper that is served by
> mailing on a Friday.  If ten days are allowed
> to respond, intermediate Saturdays, Sundays,
> and legal holidays are excluded in
> determining when the period expires under
> Rule 6(a).  If there is no legal holiday, the
> period expires on the Friday two weeks after
> the paper was mailed.  The three added Rule
> 6(e) days are Saturday, Sunday, and Monday,
> which is the third and final day to act
> unless it is a legal holiday.  If Monday is a
> legal holiday, the next day that is not a
> legal holiday is the final day to act.

In the present case, the original ten-day period expired on a Monday, and the three additional service days did not include any nonworking days, making the question of how to count the service days irrelevant.

If the present proceeding concerned objections to a magistrate judge's findings and recommendation concerning a dispositive matter, then, under Rule 72(b) of the Federal Rules of Civil Procedure, both the objections and the response to the objections would be due in ten working days (plus any additional days arising from the method of service).  Local Rule 74.2, otherwise applicable to such objections, must yield to Rule 72(b) of the Federal Rules of Civil Procedure.

It is not clear why the Federal Rules of Civil Procedure address the timing of both objections to a magistrate judge's findings and recommendation and an appeal from a magistrate judge's nondispositive order, while addressing the

5

timing of a **response** only to objections to a magistrate judge's findings and recommendation, not to a **response** to an appeal from a nondispositive ruling.  This limitation means that the eleven-day deadline in Local Rule 74.1 for responses to appeals from nondispositive rulings stands.  Under that rule, Defendants' July 24, 2007, response was timely.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, July 31, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**International Longshore & Warehouse Union, Local 142, et al. v. C. Brewer & Co., Ltd. et al.**, **Civ. No. 06-00260 SOM/LEK; AMENDED ORDER REGARDING TIMELINESS OF DEFENDANTS' RESPONSE TO PLAINTIFFS' JULY 10, 2007 APPEAL.**