IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, et al., | ) ) ) ) | Civ. No. 06-00260 SOM/LEK |
| Plaintiffs, | ) ) ) | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR FOR CLARIFICATION OF THE COURT'S JULY 30, 2007, ORDER |
| vs. | ) ) ) | |
| C. BREWER & COMPANY, LTD.; WAILUKU AGRIBUSINESS CO., INC.; OLOKELE SUGAR COMPANY, LTD.; and JOHN DOES 1 THROUGH 20, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR FOR
CLARIFICATION OF THE COURT'S JULY 30, 2007, ORDER

On July 30, 2007, this court filed an order ("the Order") reversing Magistrate Judge Leslie E. Kobayashi's June 29, 2007, order, in which she denied Plaintiffs' motion for leave to file an amended Second Amended Complaint ("Renewed Motion")[1] after finding that Plaintiffs had not been diligent in seeking to amend the scheduling order under Rule 16(b) of the Federal Rules

---

[1] Defendants complain that this court's use of the term "Renewed Motion" in the Order "mischaracterizes the motion underlying the subject appeal" because they say "the May motion is not a 'renewal' of the original motion, but is really an entirely different motion." Motion at 4 n.1. The court did not intend to suggest that Plaintiffs simply renewed the same motion that was originally filed in November 2006. See Order at 1 n.2. Rather, the court extracted the term "Renewed Motion" from the Stipulation signed by the parties, which states: "If the Parties are unable to reach agreement on the filing of an amended complaint, Plaintiffs shall file a Renewed Motion to file Second Amended Complaint, together with the proposed amended complaint, by no later than May 21, 2007." Ex. Q (attached to Response) at 3 (emphasis added).

of Civil Procedure. This court concluded that "Plaintiffs have satisfied the court's most recent scheduling order regarding the deadline for seeking amendment of their Complaint, contrary to the magistrate judge's conclusion otherwise." Order at 13. The court therefore remanded the matter to the magistrate judge to determine whether amendment was proper under Rule 15(a) rather than under Rule 16(b). Order at 14.

On August 8, 2007, Defendants moved for reconsideration and/or for clarification of the Order, arguing that the Order "appears to be based on a factually erroneous finding that Magistrate Judge Kobayashi extended the pleading amendment deadline to May 21, 2007." Motion at 2. Defendants contend that "Magistrate Judge Kobayashi plainly <u>did not</u> extend the Rule 16 deadline." Motion at 3 (emphasis in original). Although Defendants concede that "the magistrate judge signed the Stipulation," which extended the deadline for Plaintiffs' to file their Renewed Motion, they say that "neither the magistrate judge nor Defendants, nor even Plaintiffs themselves considered the Stipulation to be an extension of the Rule 16 deadline." Motion at 6-7. The court disagrees with Defendants and denies the present motion.

As the Order explained in detail, the Rule 16 Scheduling Order issued on June 30, 2006, set July 24, 2006, as the deadline for filing motions to amend pleadings. Order at 4.

Subsequent Rule 16 Scheduling Orders did not modify the July 24, 2006, deadline.  However, on May 17, 2007, the magistrate judge signed the Stipulation, which allowed Plaintiffs to file their Renewed Motion "by no later than May 21, 2007."  Order at 7.  This Stipulation expressly extended the deadline for Plaintiffs to file a motion to amend their Complaint, thereby modifying the most recent Rule 16 Scheduling Order in that regard.

In arguing that "neither the magistrate judge nor Defendants, nor even Plaintiffs themselves, considered the Stipulation to be an extension of the Rule 16 deadline," Defendants appear to contend that the magistrate judge did not intend to extend the deadline for filing motions to amend the Complaint when she signed the Stipulation.  Even if she (and the parties) had no intention of modifying that deadline, by signing the Stipulation, the magistrate judge (and the parties) expressly agreed to extend the deadline for filing such motions.  In essence, regardless of their intent, the magistrate judge and the parties agreed to and did modify the most recent Rule 16 Scheduling Order when they signed the Stipulation.  Because the Stipulation's clear and unambiguous terms gave Plaintiffs another opportunity to file a motion to amend their Complaint, they were entitled to rely on the Stipulation by filing their Renewed Motion on May 21, 2007.  Their timely motion is therefore

governed, as stated in the Order, by Rule 15(a) of the Federal Rules of Civil Procedure.

It makes no sense to this court to read the Stipulation as imposing a May 21 deadline for filing a motion for leave to amend that would be reviewed under the "good cause" standard applicable to motions filed after a deadline.  Such a reading would provide no incentive for meeting the May 21 deadline.  In other words, if a motion filed by the deadline would be treated like a motion filed after the deadline, the deadline itself would be meaningless.  Under Defendants' argument, Plaintiffs faced the same hurdle if they filed a motion on, say, May 25, as they faced if they filed on May 21, i.e., the "good cause" hurdle.  If the May 21 deadline had any meaning at all, it had to provide the imprimatur of timeliness.  Defendants' argument makes the May 21 deadline meaningless.

In light of the foregoing, the court denies Defendants' motion for reconsideration and/or for clarification.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 9, 2007.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**International Longshore & Warehouse Union, Local 142, et al. v. C. Brewer & Co., Ltd. et al.**, Civ. No. 06-00260 SOM/LEK; ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AND/OR FOR CLARIFICATION OF THE COURT'S JULY 30, 2007, ORDER.