IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, ET AL., | ) ) ) ) | CIVIL NO. 06-00260 SOM-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| C. BREWER AND COMPANY, LTD., ET AL., | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

Before the Court is Plaintiffs International Longshore and Warehouse Union's ("ILWU"), Mauro R. Cadavona's, Charles K. Fu's, Clement Montalvo's, Judith Montalvo's, Regino Cabacungan's, and Alfred Cabacungan's (collectively "Plaintiffs") Motion for Leave to File Second Amended Complaint ("Motion"), filed on May 21, 2007. This matter came on for hearing on June 22, 2007. Appearing on behalf of Plaintiffs were, Barbara Chisholm, Esq. (by phone) and Rebecca Covert, Esq. William Ota, Esq., and Lynne Toyofuku, Esq., appeared on behalf of Defendants C. Brewer and Company, Ltd. ("Brewer"), Wailuku Agribusiness Co., Inc. ("Wailuku"), Olokele Sugar Company, Ltd. ("Olokele"), and Alan J. Kugle ("Kugle"), as Trustee in Dissolution of C. Brewer and Company, Ltd. (collectively "Defendants").

On June 29, 2007, this Court issued an order denying the Motion ("June 29 Order"). Plaintiffs appealed the order on July 10, 2007. On July 30, 2007, the district judge issued a order reversing and remanding this Court's June 29 order ("July 30 Order"). On August 8, 2007, Defendants filed a motion for reconsideration and/or clarification of the district judge's order, which the district judge denied on August 9, 2007. After careful consideration of the Motion, supporting and opposing documents, and the relevant case law, Plaintiffs' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

On May 11, 2006, Plaintiffs filed the instant class action suit against Defendants. In their Complaint, Plaintiffs allege that Defendants' termination of group medical plans breached contracts with ILWU in violation of the Labor Management Relations Act ("LMRA") and Employee Retirement Income Security Act ("ERISA"). Plaintiffs also allege that Brewer breached its fiduciary duty in violation of ERISA.

On June 28, 2006, Plaintiffs filed a First Amended Complaint, adding Kugle as a defendant. On November 16, 2006, Plaintiffs moved for leave to file a second amended complaint to clarify the relief sought by the class and to add a factual allegation regarding a 1989 Letter of Understanding ("1989

Agreement") between Wailuku and ILWU. According to Plaintiffs, this agreement provides the basis for Wailuku sugar retirees' claims and they inadvertently omitted it from the First Amended Complaint. Defendants did not oppose the amendment and the Court granted leave to file the amended complaint on December 6, 2006. Plaintiffs did not file an amended complaint because on December 7, 2006, the Court vacated all existing deadlines to facilitate settlement. The parties have been unable to reach a settlement, even after participating in formal mediation.

On April 11, 2007, the Court ordered Plaintiffs to file an Order Granting Plaintiffs' Motion to File Second Amended Complaint by April 19, 2007. On May 17, 2007, the Court approved the stipulation and proposed order filed by the parties on April 19, 2007, which provided that Plaintiffs must file an amended complaint by May 21, 2007 if the parties should agree to one, but in the absence of an agreement, Plaintiffs shall file a renewed motion for leave to file second amended complaint, together with the proposed amended complaint, by no later than May 21, 2007. Plaintiffs provided Defendants with a copy of the proposed amended complaint on May 18, 2007.

In the instant Motion, Plaintiffs argue that they have good cause for seeking leave to amend and that Defendants will not be prejudiced. Plaintiffs seek leave to substitute a recently deceased Plaintiff and class representative; to correct

a factual omission that the court and Defendants previously indicated that Plaintiffs should be permitted to correct; and to more clearly define the proposed subclasses.

First, Plaintiffs wish to substitute Megumi Hiraoka (a retiree of Wailuku and beneficiary of the 1989 Agreement) for Alfred Cabacungan, the sole Plaintiff representing the putative subclass of approximately 77 Wailuku retirees and beneficiaries of the 1989 Agreement.  Mr. Cabacungan passed away in April 2007.  Citing for comparison Federal Rule of Civil Procedure 25(a) (providing 90 days for motion to substitute upon death of party), Plaintiffs assert that they have acted diligently in identifying a substitute Plaintiff.  Plaintiffs further emphasize that Mr. Hiraoka's addition will not change the nature of Plaintiffs' claims nor prejudice Defendants or delay this matter because, for example, Mr. Cabacungan had yet to be deposed.

Second, Plaintiffs seek to add allegations regarding the existence of the 1989 Agreement between Wailuku and ILWU, which provides the basis for the claims asserted by individuals who retired from Wailuku prior to Wailuku's transition from sugar to pineapple production in 1989.  Plaintiffs note that Defendants previously agreed to this amendment and that Judge Mollway, in October 13, 2006 inclination, indicated that Plaintiffs should be allowed to amend their complaint to include reference to the 1989 Agreement.

Plaintiffs lastly seek to add a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement.  The subclass of retirees who are beneficiaries of a 1996 Agreement between Wailuku, ILWU and certain individual retirees is removed from the proposed amended complaint, as it has been discovered that the only beneficiaries of the 1996 Agreement are Clement and Judith Montalvo.  As such, their claims are asserted as individual, and not class, claims.  Plaintiffs also clarify that they no longer seek to create subclasses based on the type of relief sought.  Rather, the subclasses are based on the labor-management agreements.

Plaintiffs conclude that because there exists good cause for the proposed changes and the changes will not prejudice Defendants nor unduly delay the action, the Court should grant their Motion.

On June 4, 2007, Defendants filed their Opposition to Plaintiffs' Motion, arguing that Plaintiffs cannot satisfy the procedural requirements to amend their Complaint.  First, Defendants argue that Mr. Cabacungan was not a representative for any of the proposed subclasses nor did he have a claim under any of the specified contracts.  There is consequently no subclass in which Mr. Hiraoka may claim membership.  Defendants contend that even if Plaintiffs acted diligently in identifying Mr. Hiraoka, they must still establish good cause for adding the proposed

Wailuku subclass and alleging a violation of the 1989 Agreement.

According to Defendants, although Plaintiffs knew about the Complaint's deficiencies with respect to Mr. Cabacungan since last summer, they did not seek to amend their Complaint until Defendants moved for summary judgment regarding Mr. Cabacungan's claims. Moreover, at the time Plaintiffs initially moved to amend their Complaint, they did not seek to add a subclass represented by Mr. Cabacungan. Defendants assert that Plaintiffs cannot establish good cause for their delay.

Even assuming that Plaintiffs established good cause, Defendants maintain that the Motion should nevertheless fail under Federal Rule of Civil Procedure 15 because of Plaintiffs' failure to demonstrate that Mr. Hiraoka would be an adequate representative of the proposed subclass. First, if Mr. Hiraoka seeks monetary relief, he is precluded from doing so because 1) Plaintiffs are seeking certification primarily under rule 23(b)(2), which does not permit monetary recovery except for that incidental to injunctive relief and 2) ERISA does not provide for monetary damages. Any amendment to the Complaint would therefore be futile. Second, if Mr. Hiraoka seeks injunctive relief, his interests would conflict with the interests of other retirees who do not seek reinstatement of the plan.

Defendants note that Plaintiffs also seek to add prayers for monetary damages, which, according to Defendants, are

untimely.  Therefore, even if Judge Mollway's previous comments could be construed to authorize the proposed amendment, her comments were made over seven months ago.  Defendants insist that Plaintiffs should have brought this Motion long ago.  Finally Defendants argue that the proposed amendments seeking monetary damages on behalf of ILWU are futile, as ILWU does not allege any basis for contractual damages.

On June 11, 2007, Plaintiffs filed a Reply.  They initially assert that although Defendants complain that they delayed in filing the Motion given the proposed amendments in November 2006, Defendants fail to mention that this case was stayed for much of that six month period to facilitate settlement.  Plaintiffs maintain that they have demonstrated good cause to amend the First Amended Complaint to 1) substitute Mr. Cabacungan with Mr, Hiraoka; 2) allege the 1989 Agreement; and 3) conform the subclasses to the proposed amendments.

With respect to the substitution of Mr. Cabacungan, Plaintiffs argue that Defendants' objections are baseless. According to Plaintiffs, Mr. Cabacungan was a named Plaintiff seeking to represent those similarly situated to him.  In addition, the original Complaint and First Amended Complaint proposed subclasses based on the agreements covering the retiree class members.  Plaintiffs contend that because Mr. Cabacungan was the sole Plaintiff named as a beneficiary of the 1989

Agreement, the Court should permit them to substitute a similarly situated Plaintiff.  Plaintiffs dismiss Defendants' argument that Mr. Hiraoka would be an inadequate class representative by countering that 1) adequacy of class representative is a consideration for certification, not for leave to amend.; 2) Mr. Hiraoka is a member of the proposed subclass; 3) Defendants fail to present evidence that he would be inadequate; and 4) Defendants erroneously argue that Mr. Hiraoka cannot seek injunctive relief or damages.

Plaintiffs also claim that there is good cause to amend the Complaint to allege the 1989 Agreement, as they became aware of the omission in early September, around the time the parties were to file their summary judgment motions.  Plaintiffs explain that Defendants thus unfairly suggest that Plaintiffs had ample time to file a motion to amend prior to the filing of Defendants' motion for summary judgment on September 7, 2006.

Lastly, Plaintiffs assert that the Court should permit them to conform the proposed subclasses to the amendments sought because the subclasses are substantially similar to those in the First Amended Complaint, except for the subclass of retirees covered by the 1989 Agreement.  Plaintiffs maintain that the revisions to the subclass definitions are timely and appropriate. Moreover, they argue that Defendants' challenges to the proposed subclasses are best resolved at the class certification stage and

8

are not grounds for opposing a motion to amend.

In the June 29 Order, this Court denied Plaintiffs' Motion, finding that Plaintiffs had not established good cause for the delay in seeking to amend the complaint with respect to 1) the existence of the 1989 Agreement; 2) the addition of a subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement; and 3) the addition of prayers for monetary damages. The Court found, however, that Plaintiffs diligently sought to substitute Mr. Cabacungan.  Nevertheless, the Court determined that a request to amend the Complaint to add Mr. Hiraoka was premature given that Plaintiffs had not obtained class certification.  Moreover, because the Court denied Plaintiffs' request to amend the complaint to include the 1989 Agreement, it found that any amendment to add Mr. Hiraoka would be futile.  On appeal, the district court found that the stipulation entered into by the parties and approved by the Court on May 17, 2007, expressly extended the deadline for amending the pleadings/adding parties to May 21, 2007.[1]  The district court therefore determined that Plaintiffs timely requested leave to amend and that this Court should have applied Federal Rule of Civil Procedure 15(a)'s standard, not the "good cause" standard set

---

[1] This determination is the primary basis for Defendants' motion for reconsideration of the July 30 Order.  Because the district judge denied Defendant's motion, this Court must proceed according to the remand instructions set forth in the July 30 Order.

9

forth in Rule 16(b).  The matter is before this Court for a determination of whether amendment is proper under Rule 15(a).

## **DISCUSSION**

Under Rule 15(a) of the Federal Rules of Civil Procedure, once an answer or responsive pleading has been filed, the plaintiff must obtain leave of court or the written consent of the defendant to amend the complaint.  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The determination whether a party should be allowed to amend a pleading is left to the discretion of the court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citation omitted).  If the facts or circumstances a plaintiff relies upon may be the basis of relief, she should be afforded an opportunity to test her claim on the merits.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  Furthermore, in exercising its discretion to grant leave to amend, a court "'should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings.'"  In re Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting James v. Pliler, 269 F.3d 1124, 1126 (9th Cir. 2001)) (alteration in original).

Courts may consider factors such as: bad faith or dilatory motive on the movant's part; whether the amendment will cause undue delay; whether it will prejudice the opposing party;

futility of the amendment; and whether the movant has already failed to cure deficiencies in prior amendments of her pleadings. See Foman, 371 U.S. at 182; Morris, 363 F.3d at 894 (citation omitted). Not all of these factors carry equal weight; prejudice to the opposing party is the most persuasive factor. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). The party opposing the motion for leave to amend bears the burden of establishing prejudice. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987) (citing Beeck v. Aqua-slide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977)). If there is neither prejudice to the opposing party nor a strong showing of the remaining factors, there is a presumption in favor of granting leave to amend. See Eminence, 316 F.3d at 1052 (citing Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997)).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

In assessing Plaintiffs' proposed amendments under the liberal Rule 15(a) standard, this Court finds that Plaintiffs may

amend their complaint to add 1) the existence of the 1989 Agreement; 2) a proposed subclass of Wailuku retirees who are beneficiaries of the 1989 Agreement; and 3) prayers for monetary damages.  The Court additionally finds that Mr. Hiraoka may be added as a named plaintiff.  However, this does not mean that he is to be added as a class representative.  Evaluating Plaintiffs' Motion under the Rule 15(a) standard does not change this Court's determination in its June 29 Order that adding Mr. Hiraoka as a class representative is premature, given that Plaintiffs have not obtained class certification.  The Court thus declines to permit Plaintiffs to add Mr. Hiraoka with any label, as the designation of class representative is a matter to be determined in connection with a motion for class certification.  As for the motion for class certification, the Court orders that Plaintiffs file said motion by no later than August 27, 2007.  Clearly, such a motion should be filed as early as possible, given the potential impact on possible discovery and dispositive motions.

        Although the Court recognizes that some time has lapsed since the commencement of the instant action, part of the delay resulted from the parties' attempts to mediate.  Because the Court amended many of the significant scheduling order deadlines on May 2, 2007, any prejudice to Defendants from the proposed amendments, if at all, would be slight.  The discovery deadline is not until January 4, 2008.  Moreover, the parties have until

October 3, 2007, to file dispositive motions, and until December 5, 2007, to file non-dispositive motions.  Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion for Leave to File Second Amended Complaint, filed on May 21, 2007.  Plaintiffs are ORDERED to file their Second Amended Complaint by no later than August 20, 2007.  Plaintiffs are also ORDERED to file a motion for class certification, if they choose to move for certification, by no later than August 27, 2007.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, August 14, 2007.



　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States Magistrate Judge

**ILWU V. C. BREWER AND COMPANY, LTD., ET AL; CIVIL NO. 06-00260 SOM-LEK; ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**