REBECCA L. COVERT (6031-0)
Takahashi Vasconcellos & Covert
345 Queen Street, Suite 506
Honolulu, HI  96813
Telephone: (808) 526-3003
Facsimile: (808) 531-9894
rcover@hawaii.rr.com

FRED H. ALTSHULER
EVE H. CERVANTEZ, admitted *pro hac vice*
BARBARA J. CHISHOLM, admitted *pro hac vice*
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
faltshuler@altshulerberzon.com
ecervantez@altshulerberzon.com
bchisholm@altshulerberzon.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION, LOCAL 142, *et al.*,<br><br>PLAINTIFFS,<br><br>v.<br><br>C. BREWER AND COMPANY, LTD., *et al.*,<br><br>DEFENDANTS. | **CIVIL NO. CV 06-00260 SOM LEK**<br><br>ORDER (1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING SETTLEMENT CLASS; (3) DIRECTING DISSEMINATION OF NOTICE AND CLAIM FORM TO THE CLASS; AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS |

Having reviewed Plaintiffs' Motion for an Order (1) Granting Preliminary Approval to Proposed Class Action Settlement; (2) Provisionally Certifying the Settlement Class; (3) Directing Dissemination of Notice and Supplemental Tax Claim Form to the Class; and (4) Setting a Schedule for Final Approval (the "Preliminary Approval Motion"), and the Joint Stipulation of Class Settlement Between Plaintiffs and Defendants; Settlement Agreement and Release ("Settlement Agreement") (attached hereto as Exhibit 1), along with the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

## I.     CERTIFICATION OF SETTLEMENT CLASS

For settlement purposes, the Parties have proposed conditional certification of the following settlement class ("Class") under Federal Rule of Civil Procedure 23:

> All persons who: (a) are retirees from Olokele Sugar Company, Ltd. ("Olokele") or Wailuku Agribusiness Co., Inc. ("Wailuku") who were represented by International Longshore & Warehouse Union ("ILWU"), Local 142 while they were employed at Olokele or Wailuku, or are spouses of such retirees; (b) received medical benefits through group medical plans maintained by C. Brewer and Company, Ltd. ("C. Brewer"); (c) as to whom C. Brewer terminated medical coverage on or about April 30, 2006; and (d) were alive as of May 10, 2007; (e) with the exception of Clement and Judith Montalvo, who are suing as individual plaintiffs.

The proposed class alleges that Defendants had an obligation to provide lifetime medical coverage to class members, and that Brewer's termination of

1

medical coverage and its subsequent payment of lump sums to class members breached its obligations under ERISA and Section 301 of the LMRA, and is the basis for a claim of equitable estoppel. Defendants deny these allegations, and deny any liability to the proposed class.

The Court hereby FINDS and CONCLUDES that the Class satisfies all of the requirements for certification under Rule 23(a) and Rule 23(b)(3). The class is sufficiently numerous (over 150 persons) that joinder is impracticable. The members of the Class share common issues of fact and law regarding (1) whether Defendants were obligated to provide lifetime medical coverage to the class members; (2) whether C. Brewer, Wailuku, and Olokele could satisfy their obligations to class members under the LMRA and ERISA by providing lump sum payments without the class members' consent to accept such payments in lieu of continued medical coverage; (3) whether Defendants' formula for calculating the amounts of the lump sum payments failed to compensate class members for the value of the medical coverage that they lost as a result of Defendants' actions; (4) whether Defendants violated their ERISA fiduciary duties by terminating the medical coverage without the class members' consent, by misrepresenting the class members' entitlement to continued medical coverage, and by asking the class members to waive their rights to additional compensation. The named Plaintiffs' claims are typical of those of the Class they represent, since they arise out of the same course of conduct complained of by all class members. The named Plaintiffs

are adequate representatives of the Class they represent, since their interests are co-extensive with those of class members, and they have retained experienced counsel to represent them. Questions of law or fact common to the class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems. Accordingly, the Court hereby CERTIFIES the Class under Rule 23(a) and Rule 23(b)(3).

## II.     APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court finds that named Plaintiffs Mauro R. Cadavona, Charles K. Fu, Megumi Hiraoka, and Regino Cabacungan have claims typical of absent class members belonging to the Class and are adequate representatives of those class members. The Court appoints Mauro R. Cadavona, Charles K. Fu, Megumi Hiraoka, and Regino Cabacungan to serve as Class Representatives of the Class.

The Court finds that Altshuler Berzon LLP and Takahashi Vasconcellos & Covert have extensive experience and expertise in prosecuting class actions and cases regarding retiree health benefits. The Court appoints these firms as Class Counsel for the Class.

## III.    PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

The Court has reviewed the terms of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims, and the Plaintiffs' description of the settlement in the Motion papers. The Court has also read and considered the declarations of Fred H. Altshuler and Keith W. Hunter in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the proposed settlement is the result of extensive, arms-length negotiations between the Parties after Class Counsel had investigated the claims and become familiar with the strengths and weaknesses of Plaintiffs' case. The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive. Based on all of these factors, the Court concludes that the proposed settlement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

IT IS THEREFORE ORDERED THAT:

1. The proposed settlement is hereby PRELIMINARILY APPROVED. Final approval is subject to a hearing on any objections of members of the settlement class to the proposed settlement.

2. Pending the determination of the fairness of the proposed settlement, all further litigation of this action is hereby STAYED.

## IV. APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING NOTICE AND CLAIM FORM

The Parties have also submitted for this Court's approval a proposed Notice of (1) Proposed Class Action Settlement, and (2) Final Settlement Approval Hearing ("Notice") and a proposed Supplemental Tax Claim Form, which the Court has reviewed.  The Court FINDS and CONCLUDES as follows:

The proposed Notice is the best notice practical under the circumstances and allows Class Members a full and fair opportunity to consider the proposed Settlement.  The proposed plan for distributing the Notice and Supplemental Tax Claim Form, which are attached as exhibits to the Settlement Agreement, likewise is a reasonable method calculated to reach all individuals who would be bound by the settlement.  Under this plan, the Claims Administrator will distribute the Notice and Claim Form to all members of the Class by First Class United States Mail to their last known addresses, which are the addresses to which Brewer sent lump sum payments in May 2006, and any known updates to those addresses. There is no additional method of distribution that would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

The Notice fairly, plainly, accurately, and reasonably informs Class Members of:  (1) appropriate information about the nature of this litigation, the settlement class, the identity of Class Counsel, and the essential terms of the settlement, including the monetary relief and the plan of allocation; (2) appropriate

5

information about how to participate in the settlement; (3) appropriate information about this Court's procedures for final approval of the settlement; (4) appropriate information about how to challenge or opt-out of the settlement, if they wish to do so; and (5) appropriate instructions as to how to obtain additional information regarding this litigation and the settlement.

Similarly, the Court has reviewed the proposed Supplemental Tax Claim Form, and finds that the proposed form allows Class Members a full and fair opportunity to submit claims to receive additional compensation for taxes they paid as a result of receiving lump sum payments from Brewer in May 2006. The Supplemental Tax Claim Form fairly, accurately, and reasonably informs potential claimants that failure to complete and submit a form, in the manner and time specified, shall constitute a waiver of any right to receive additional money as compensation for taxes paid as a result of receiving lump sum payments from Brewer in May 2006, but that failure to submit a form shall not otherwise have any effect on a Class Member's right to participate in the settlement and to receive money from the settlement. Further, the Settlement provides that the Claim Administrator will notify Class Members of any deficiencies in timely submitted Supplemental Tax Claims, and will provide Class Members up to two opportunities to cure any deficiencies.

The Court FINDS and CONCLUDES that the proposed plan for distributing the Notice and Supplemental Tax Claim Form ("Notice Materials") will provide

the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby ORDERS as follows:

    A.    The form of the Notice Materials is approved.

    B.    The manner of distributing the Notice Materials is approved.

    C.    Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Notice Materials, incorporating into the Notice the relevant dates and deadlines set forth in this Order.

    D.    Within five (5) business days following entry of this order, Defendants shall provide to the Claims Administrator in electronic format the most recent known addresses of Class Members, together with their dates of birth.

    E.    Within ten (10) business days of the date of this Order, the Claims Administrator shall mail, via First Class United States Mail, the Notice Materials to the Class Members at their last known address.

    F.    The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Member for whom the Notice Materials are returned by the post office as undeliverable and otherwise to provide the Notice. The Claims Administrator will trace all returned undeliverable Notice Materials and re-mail to the most recent address available. The Claims Administrator shall promptly notify Class Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing as well as any such mail returned as

undeliverable after any subsequent mailing(s).

G. In the event a Supplemental Tax Claim Form is submitted timely but is deficient in one or more aspects, the Claims Administrator shall return the Supplemental Tax Claim Form to the claimant within ten (10) business days of receipt with a letter explaining the deficiencies and stating that the claimant shall have fourteen (14) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the Claim Form. If necessary, claimants will be provided a second deficiency notice to correct any deficiencies concerning resubmitted Claim Forms, which will be governed by the same timeliness requirements as the first deficiency notice.

H. Class Counsel shall provide the Court, at least five (5) court days prior to the fairness hearing, a declaration from the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice Materials.

I. The Claims Administrator and the Parties' Counsel shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

## V. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

A. <u>Fairness Hearing</u>

The Court hereby schedules a hearing to determine whether to grant final certification of the Class, and final approval of the Settlement Agreement

(including the monetary relief and proposed plan of allocation) (the "Fairness Hearing") for March 24, 2008 at 9:00 a.m.

  B. <u>Deadline to Request Exclusion from the Settlement</u>

Class Members may exclude themselves from, or opt-out of, the settlement. Any request for exclusion must be in the form of a written "opt-out" statement sent to the Claims Administrator. A person wishing to opt-out must sign a statement that includes his or her date of birth and the following language:

> I understand that I am requesting to be excluded from the class monetary Settlement and that I will receive no money from the Settlement Fund created by the Settlement. I understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered under the Class Settlement in this case.

To be effective, any opt-out statement must be sent to the Claims Administrator via First Class United States Mail and postmarked no later than forty-five (45) days after the Claims Administrator first mails the Notice Materials to Class Members. Only those Class Members who request exclusion in the time and manner set forth herein shall be excluded from the settlement. Pursuant to Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the settlement shall have no binding effect on any person who makes a timely request for exclusion in the manner required by this Order.

The Claims Administrator shall date stamp the original of any opt-out statement. Within ten (10) business days following expiration of the 45-day period

9

to submit opt-out statements, the Claims Administrator shall certify to Class Counsel and Defendants' counsel what opt-out statements were timely submitted, and will serve copies of such statements on Class Counsel and Defendants' counsel.  Class Counsel shall file copies of all timely requests for exclusion, not timely rescinded, with the Court prior to the Fairness Hearing.

Class Members shall be permitted to withdraw or rescind their opt-out statements by submitting a "withdrawal of opt-out" statement to the Claims Administrator.  The withdrawal of opt-out statement shall include the following language:

> I previously submitted a request for exclusion from the Settlement.  I have reconsidered and wish to withdraw that request.  I understand that by withdrawing my request for exclusion I will receive money from the Settlement, will be bound by the Settlement, and may not bring a separate legal action against defendants with respect to the released claims.

A Class Member wishing to submit such a withdrawal of opt-out statement shall sign and date the statement and mail it via First Class U.S. Mail to the Claims Administrator so that it is postmarked no later than sixty (60) days after the Claims Administrator first mails the Notice.

The Claims Administrator shall stamp the date received on the original of any withdrawal of opt-out statement. Within ten (10) business days following expiration of the 60-day period to submit withdrawals of opt-out notices, the Claims Administrator shall certify to Class Counsel and Defendants' counsel what

withdrawals were timely submitted, and will serve copies of such withdrawals on Class Counsel and Defendants' counsel.  Class Counsel shall file copies of all withdrawals of opt-out statements with the Court prior to the Fairness Hearing.

      C.     <u>Defendants' Right to Rescind Agreement</u>

If the number of individuals who opt out of the settlement in the manner provided in this Order exceeds either (1) five Class Members who worked (or whose spouses worked) in Wailuku's pineapple operations, or (2) ten Class Members (who may, but need not, include Wailuku pineapple industry retirees and spouses), defendants may rescind the Settlement Agreement.  Defendants must notify Class Counsel of a decision to withdraw in writing within fifteen (15) calendar days after the deadline for submitting requests for exclusions.  If the Settlement is terminated under this provision, the parties' obligations under the Settlement Agreement shall cease to be of any force and effect, and the Settlement Agreement and any order entered in connection therewith shall be vacated, rescinded, canceled, and annulled, and the parties shall return to the status quo in the litigation as if the parties had not entered into the Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, Court orders, and proceedings related thereto shall be without prejudice to the rights of any and all parties thereto, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or discoverable in the litigation or otherwise.

D.  Deadline for Filing Objections to Settlement

Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the settlement must do so in writing. Class Members who have timely objected to the settlement in writing may also appear at the Fairness Hearing.  To be considered, any objection to the final approval of the Settlement must state the basis for the objection and be mailed to the Class Counsel and Defendants' counsel, at the addresses provided in the Notice, via first class mail, postage prepaid, postmarked no later than forty-five (45) days after the date that Notice is first mailed by the Claims Administrator. Any Class Member who does not timely file and serve such a written objection shall not be permitted to raise such objection, except for good cause shown, and any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising, any such objection.

If objections are filed, Class Counsel or Defendants' counsel may engage in discovery concerning the filed objections prior to the Fairness Hearing.

E.  Deadline for Supplemental Tax Claim Forms

A Class Member who does not opt out of the Settlement will receive his or her proportionate share of the settlement fund.  In the event the Class Member paid taxes as a result of receiving a lump sum payment from C. Brewer in or around May 2006, and wishes to receive additional money from the Settlement as compensation for these taxes paid, such a Class Member must properly and timely

complete a Supplemental Tax Claim Form in accordance with the terms of the Settlement Agreement. To be effective, the Supplemental Tax Claim Form must be sent to the Claims Administrator at the address provided in the Notice postmarked no later than forty-five (45) days after the initial mailing of the Notice to Class Members. Failure to postmark a completed Claim Form by the deadline shall bar the Class Member from receiving any additional money from the Settlement as compensation for taxes paid as a result of receiving a lump sum payment from C. Brewer in or around May 2006, but shall in no way otherwise affect the Class Member's entitlement to participate in the Settlement.

      F.      <u>Deadline for Submitting Motion Seeking Final Approval</u>

No later than twenty-eight (28) calendar days before the Fairness Hearing, Plaintiffs shall file a Motion for Judgment and Final Approval of the Settlement. On or before one week before the Fairness Hearing, the parties may file with the Court a reply brief responding to any filed objections.

## VI. PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at the Fairness Hearing, this Court grants final approval to the settlement, named Plaintiffs and each individual member of Class who does not timely opt out will release claims, as set forth in Settlement Agreement and Notice, by operation of this Court's entry of the Judgment and Final Approval.

## VII. APPOINTMENT OF CLAIMS ADMINISTRATOR

ILWU Local 142 is hereby appointed Claims Administrator to carry out the

Case 1:06-cv-00260-SOM-LK   Document 244   Filed 11/20/07   Page 15 of 15       PageID #: 4036

duties set forth in this Order and the Settlement Agreement.

IT IS SO ORDERED.

APPROVED AND SO ORDERED:

DATED: Honolulu, Hawaii; November 20, 2007.



/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

International Longshore & Warehouse Union, Local 142, *et al*. v. C. Brewer and Company, Ltd., *et al*.; Civil No. 06-00260 SOM/LEK**;** Order (1) Granting Preliminary Approval to Proposed Class Action Settlement; (2) Provisionally Certifying Settlement Class; (3) Directing Dissemination of Notice and Claim Form to the Class; and (4) Setting Schedule for Final Approval Process